UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | 5:98-cr-7-JMH |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| REX HALL, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\* \*\* \*\* \*\* \*\*

This matter comes before the Court on the "Motion for Compassionate Release" of Defendant, Rex Hall ("Hall"), proceeding, *pro se*, in the above-styled action. [DE 179]. Specifically, Hall requests that he be released from his incarceration or, otherwise, that this Court reduce his sentence. [Id.]. Hall contends that this Court should grant his motion for compassionate release because there are extraordinary and compelling reasons to do so. [Id.].

On December 4, 2019, the Court directed the Plaintiff, United States of America ("United States"), to file any response or objection it may have to Hall's motion. [DE 180]. On December 9, 2019, the United States filed its response, arguing that the Court should deny Hall's motion. [DE 181]. In particular, the United States contends that Hall does not have extraordinary and

compelling reasons for this Court to grant the requested relief. [DE 181].

This Court has reviewed the subject motion and the United States response. Accordingly, this matter is ripe for adjudication. Upon review of the subject motion, the United States' response, and being otherwise sufficiently advised, **IT IS ORDERED** that, for the reasons set forth below, Hall's motion is, and hereby shall be, **DENIED.**

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

On December 12, 1997, Defendant, Rex Denver Hall, was arrested on a federal criminal complaint charging him with conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846. Subsequently, on January 8, 1998, a federal grand jury charged Hall with four (4) separate criminal counts, as well as a fifth count pertaining to the forfeiture of proceeds of drug trafficking. [DE 12].

On March 6, 1998, after a four (4) day jury trial, Hall was convicted on one count each of conspiracy to possess with intent to distribute marijuana and cocaine. [DE 58]. Hall was further convicted of one count each of possession with the intent to distribute marijuana and cocaine in violation of 21 U.S.C. § 841(a)(1) as well as aiding and abetting in violation of 18 U.S.C. § 2. [Id].

On June 26, 1998, Hall was sentenced to a term of life imprisonment on each of the four (4) counts. [DE 89]. At the time of his sentencing, Hall was fifty-five (55) years of age.

Hall has served nearly twenty-two (22) years of his sentence and is now seventy-six (76) years old. Hall will be seventy-seven (77) in January 2020. Hall is now incarcerated at the Victorville Medium I, Federal Correctional Institution ("FCI") in Adelanto, California.

On January 22, 2018, Hall filed a request for compassionate release and/or reduction in sentence with the warden of the Warden of FCI Victorville. [DE 179, Ex. A]. In his request, Hall specifically noted that he has chronic and/or serious medical conditions related to his age. However, on March 22, 2019, the Warden administratively denied Hall's request, stating "...you are not experiencing deteriorating mental or physical health that substantially diminishes your ability to function in a correctional facility..." [Id., Ex. B.].

As a result of the Warden's denial of his request, Hall filed the instant motion on November 25, 2019, requesting a reduction in sentence and/or compassionate release under 18 U.S.C. 3582(c)(1)(A) of the First Step Act of 2018. [DE 179].

## II. ANALYSIS

Hall claims that there are "extraordinary and compelling" reasons for this Court to grant his request for compassionate

3

release and or a reduction in sentence. [DE 179]. In particular Hall claims that he has properly exhausted his administrative remedies, that he has received an "unusually long sentence[,]" that that he has a "remarkable record of rehabilitation[,]" and that he is in the later stages of life and in deteriorating health. [DE 179 at 4]. The United States disagrees. [DE 181]. The government argues that Hall cannot satisfy the requirements for compassionate release under 18 U.S.C. § 3582(c)(1)(A). [Id. at 2, PageID #47]. We agree with the United States.

On December 21, 2018, the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, was signed into law. Among other reforms, the First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the Bureau of Prisons' denial of compassionate release. Pub. L. No. 115-391, § 603(b).

The language of the provision provides that the Court may modify a term of imprisonment once it has been imposed under certain circumstances. 18 U.S.C. § 3582(c)(1)(A). To request a reduction in his or her term of imprisonment for "compelling and extraordinary reason," a defendant must comply with the requirements set forth in 18 U.S.C. § 3582(c). The language of the statute provides:

> (c) Modification of an imposed term of imprisonment. The Court may not modify a term of imprisonment once it has been imposed except that—

4

> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>>> (i) Extraordinary and compelling reasons warrant such a reduction...

18 U.S.C. § 3582(c)(1)(A)(i).

While the Court may modify a sentence for extraordinary and compelling reasons, it may only do so if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(1)(A). The language of "28 U.S.C. § 994 authorizes the United States Sentencing Commission to define 'extraordinary and compelling reasons.'" *See United States v. Lake*, No. 5:16-CR-76, 2019 WL 4143293, at *2 (E.D. Ky. Aug. 30, 2019) (*quoting United States v.*

*Handerhan*, No. 1:10-CR-00298, 2019 WL 1437903, at *1 (M.D. Pa. Apr. 1, 2019)).

The United States contends that compassionate release would not "consistent with applicable policy statements issued by the Sentencing Commission." [DE 181 at 2-5, PageID #47-48]. The Sentencing Commission's applicable policy statements are listed at United States Sentencing Guidelines Manual ("U.S.S.G.").

The United States Sentencing Commission policy statement discussing compassionate release requires the following: (1) extraordinary or compelling reasons to warrant a reduction in a defendant's sentence, (2) that the defendant is not a danger to the safety of others or the community, and (3) that release from custody complies with § 3553(a) factors. U.S.S.G. § 1B1.13 (U.S. Sentencing Comm'n 2018). The application notes further define "extraordinary and compelling" reasons, stating:

1. Extraordinary and Compelling Reasons. —Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

6

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,
that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, n. 1.

As the United States correctly argues, Hall fails to meet the requirements necessary to demonstrate extraordinary or compelling reasons to justify compassionate release. [DE 181 at 2, PageID #47]. Hall is not suffering from a terminal illness. Nor is Hall suffering from any condition that substantially diminishes his ability to provide self-care. While Hall is sixty-five years old and has served at least ten (10) years of his sentence, he is not experiencing "serious deterioration in physical or mental health because of the aging process," and he fails to demonstrate any "family circumstances" that might otherwise justify early release. [DE 179, Ex. A-B]; U.S.S.G. § 1B1.13, n. 1.

In addition, while the Court must consider "other reasons" that might justify early release as "determined by the Director of the Bureau of Prisons," Hall fails to demonstrate any such reasons. U.S.S.G. § 1B1.13, n. 1(D). The Director of the Bureau of Prisons ("BOP") has defined "other reasons[,]" as set forth in U.S.S.G. § 1B1.13, n. 1(D), in Program Statement 5050.50. Therein, the Director of BOP provides five (5) specific, initial criteria, and three (3) additional criteria that justify "other reasons" for purposes of the note. In particular, the Director states that the defendant must (1) be 65 years of age or older; (2) suffer from a chronic or serious medical condition related to the aging process; (3) be experience deteriorating mental or physical health that substantially diminishes his ability to function in a correctional

facility; (4) conventional treatment does not promise substantial improvement for his medical conditions and deteriorating health; and (5) served at least 50% of his sentence. *See* Program Statement 5050.50; *see* https://www.bop.gov/policy/progstat/5050_050_EN.pdf (Jan. 17, 2019), at *6. The Bureau of Prisons explains that the following factors should also be considered:

- The age at which the inmate committed the current offense.

- Whether the inmate suffered from these medical conditions at the time the inmate committed the offense.

- Whether the inmate suffered from these medical conditions at the time of sentencing and whether the Presentence Investigation Report (PSR) mentions these conditions.

*Id.* at 6.

In the instant case, Hall is over seventy (70) years of age and the few submitted medical records do indicate that he suffers from a chronic or serious medical condition. [DE 179, Ex. C.]. However, Hall has failed to demonstrate that his ability to function in the correctional facility is not substantially diminished. [Id.]. Ultimately, however, fatal to Hall's request is that he has yet to serve at least fifty (50%) percent of his sentence as required under the BOP Program Statement 5050.50. In summary, Hall has failed to demonstrate an extraordinary or compelling reason to justify a modification of his original term of imprisonment under 18 U.S.C. § 3582(c)(10(A).

9

Accordingly, **IT IS ORDERED** that Defendant Rex D. Hall's motion for compassionate release or a reduction in sentence, [DE 179], is, and hereby shall be, **DENIED**.

This, the 13th day of December, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge